**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JUSTIN JADE COLLINS,

      **Plaintiff,**

      **v.**                                  **CASE NO.  26-3131-JWL**

BILLY TOMASI, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff is detained at the Crawford County Jail in Girard, Kansas, and proceeds *pro se* and *in forma pauperis*.  This matter is before the Court on three motions filed by Plaintiff (Docs. 5, 7, and 8).

All three motions seek to supplement Plaintiff's complaint with additional claims based on incidents that have occurred since the complaint was filed.  To the extent Plaintiff seeks to merely supplement or add to the complaint, the motions are denied.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the Court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

1

In two of the motions, Plaintiff also seeks preliminary injunctions.  To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  The court must "consider the well-established law to the effect that prison management functions should be left to the broad

discretion of prison administrators to enable them to manage prisons safely and effectively . . .. Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar v. Reid,* 2008 WL 4877009, *3 (D. Colo. Nov.12, 2008) (citations omitted).   Because preliminary injunctions are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief."  *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).  Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.  Plaintiff's requests are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Supplement Complaint (Doc. 5), Motion to Supplement Complaint and Request Immediate Preliminary Injunction (Doc. 7), and Motion to Supplement the Complaint and for Preliminary Injunction (Doc. 8) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 6, 2026**, to file a complete and proper amended complaint.  If Plaintiff chooses not to file an amended complaint by the deadline, the Court will proceed to screen the original complaint.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 6, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

3